IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY D. LAFAYETTE**                                                                         **PLAINTIFF**

**v.**                                                    **CAUSE NO. 1:22-cv-00221-LG-RPM**

**SMCI – GREENE COUNTY, et al.**                                           **DEFENDANTS**

## ORDER OF DISMISSAL

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. *Pro se* Plaintiff Anthony D. Lafayette, an inmate of the Mississippi State Penitentiary in Parchman, Mississippi, brings this conditions-of-confinement Complaint pursuant to 42 U.S.C. § 1983. Lafayette is proceeding *in forma pauperis*. (Order, ECF No. 8). For the reasons set forth below, the Court finds that this case should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. BACKGROUND

On June 17, 2017, Lafayette was housed at the South Mississippi Correctional Institute ("SMCI") in Leakesville, Mississippi. (Compl. at 4, ECF No. 1). Around 2:00 p.m. that day, Lafayette alleges that he was "attacked and beaten by 21 other inmates." (*Id*. at 5). He claims that his assailants were members of a gang, and the melee ensued when "one of them stole food out of [Lafayette's] locker box." (*Id*.). Lafayette avers that he suffered broken bones and bruises because of the attack, during which he was "held hostage." (*Id*.). He seeks compensatory and punitive damages and for his attackers to be held accountable for the assault. (*Id*.).

On May 26, 2020, Lafayette filed his first lawsuit in this Court, alleging similar facts. *Lafayette v. SMCI – Greene Cnty., et al.*, No. 1:20-cv-00176-LG-RPM (S.D. Miss. May 26, 2020) (ECF No. 1). That complaint reported that Lafayette was "was assaulted by 20 inmates" at SMCI on October 17, 2017. (*Id.* at 4, 7). When Lafayette failed to pay the required filing fee or file a completed application for leave to proceed *in forma pauperis*, that case was dismissed without prejudice for failure to prosecute and obey the Court's orders on October 20, 2020. *Lafayette*, No. 1:20-cv-00176-LG-RPM (S.D. Miss. Oct. 20, 2020) (ECF No. 10).

Lafayette signed the present Complaint on August 20, 2022, and it was recorded on this Court's docket on August 26, 2022. (ECF No. 1).

## II. DISCUSSION

A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). Since Lafayette is proceeding *in forma pauperis* (Order, ECF No. 8), his Complaint is subject to the case-screening procedures set forth in § 1915(e)(2).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even

before service of process or before the filing of the answer." *Id.* The Fifth Circuit Court of Appeals deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).

    B. <u>Statute of Limitations</u>

"A district court may raise the defense of limitations *sua sponte* . . . and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quotation and brackets omitted). A complaint barred by the statute of limitations is properly dismissed as legally frivolous under § 1915. *See Bates v. Price*, 368 F. App'x 594, 595 (5th Cir. 2010).

There is no federal statute of limitations for civil rights actions brought under § 1983. *Owens v. Okure*, 488 U.S. 235, 239 (1989). "Because § 1983 claims are best characterized as personal injury actions, [the Supreme Court has] held that a State's personal injury statute of limitations should be applied to all § 1983 claims." *Id*. at 240-41 (quotation omitted). "The applicable Mississippi statute of limitations period is three years." *Whittington v. City of McComb*, No. 5:15-cv-00052-DCB-MTP, 2016 WL 8223427, at *3 (S.D. Miss. Nov. 23, 2016) (citing M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. § 15-1-49).

While Mississippi law governs the applicable limitations period, federal law governs when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). An action accrues when a plaintiff has "a complete and present cause of action." *Id*.

(quotation omitted). The limitations period begins to run when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008).

Under these principles, the alleged assault occurred—and Lafayette's cause of action accrued—on June 17, 2017. (Compl. at 4, ECF No. 1). Given his allegations, there can be no dispute that Lafayette knew of his injury on that date. *See Perkins v. Lockhart*, No. 1:19-cv-00129-JCG, 2020 WL 5821973, at *3 (S.D. Miss. Sept. 30, 2020) (recognizing that a § 1983 claim predicated on an assault accrued on the date of the assault). Thus, the period for filing claims arising from the assault, if not tolled, expired on June 17, 2020. Under the prison-mailbox rule, Lafayette filed his Complaint on August 20, 2022—more than two years after the applicable statute of limitations expired.[1] This case is therefore time-barred.

The Court need not decide whether the statute of limitations was tolled during the pendency of Lafayette's earlier lawsuit because this case was untimely filed either way. "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Mississippi's savings statute provides thus:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, of if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff

---

[1] Pleadings submitted by *pro se* prisoners are considered filed when they are submitted to prison officials for delivery to the Court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

> shall be reversed on appeal, the plaintiff may commence a new action of the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

MISS. CODE ANN. § 15-1-69. Under this statute, tolling occurs when: (1) the earlier lawsuit was timely filed, (2) the earlier lawsuit was dismissed for a matter of form, (3) the earlier action was the "same cause" as the present action, and (4) the present action was filed within one year of the dismissal of the earlier action. *See Worley Brown, LLC v. Miss. Dep't of Archives and History*, No. 3:10-cv-00394-HTW-LRA, 2012 WL 1424398, at *8 (S.D. Miss. Apr. 24, 2012); *see also Oak Creek Invs., LLC v. ATLAS FRM LLC*, 307 So. 3d 503, 507 n.3 (Miss. Ct. App. 2020) (explaining that, if a complaint is filed within the limitations period and later dismissed for a matter of form, "the plaintiff may commence a new action within one year of the dismissal").

Assuming without deciding that the first three requirements for tolling are met, Lafayette did not file this lawsuit within one year of the dismissal of the earlier action. Instead, Lafayette waited almost two more years after his first lawsuit was dismissed to initiate this case. Even if the statute of limitations was tolled while the earlier lawsuit was pending for approximately five months, this case was still initiated too late. Therefore, this case is time-barred and must be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i).

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B)(i).  *See Bates*, 368 F. App'x at 595 (affirming the dismissal of a time-barred prisoner case as frivolous).

**IT IS FURTHER ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Lafayette is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury."  *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)).  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 3rd day of November, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE